FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 13, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEPHANIE H., <br><br> Plaintiff, <br><br> -vs- <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security <br><br> Defendant. | No.  1:23-CV-3036-WFN <br><br> ORDER |

Stephanie H. [Plaintiff] brings this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for disability benefits. ECF No. 1. Attorney D. James Tree represents Plaintiff. Special Assistant United States Attorney Lars J. Nelson represents the Commissioner [Defendant]. After reviewing the administrative record and the briefs filed by the parties, the Court **AFFIRMS** the Commissioner's final decision.

## JURISDICTION

Plaintiff applied for Supplemental Security Income on November 6, 2019, alleging disability beginning on August 1, 2009. Tr. 107, 230–34. Plaintiff later amended her alleged onset date to August 2, 2019. Tr. 47. The application was denied initially, Tr. 82–93, and on reconsideration, Tr. 95–103. Administrative Law Judge [ALJ] Lawrence Lee held a hearing on February 23, 2022, Tr. 42–68, and issued an unfavorable decision on March 30, 2022, Tr. 107–19. The Appeals Council denied review on January 11, 2023. Tr. 1–6. The ALJ's March 2022 decision became the Commissioner's final decision, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on March 13, 2023. ECF No. 1.

ORDER - 1

## FACTS

Plaintiff was born in 1982 and was 36 years of age as of her alleged onset date. Tr. 117, 230. She has a limited education, Tr. 118, 600, and little past work experience, Tr. 48, 118. Plaintiff alleges disability based on mental health disorders causing auditory hallucinations and difficulty interacting with others. Tr. 58–60.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The Court reviews the ALJ's legal conclusions *de novo* but gives deference to a reasonable interpretation of a statute the agency is charged with administering. *See McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The ALJ's decision will be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097–98 (9th Cir. 1999). Substantial evidence is more than a scintilla, but less than a preponderance. *Id*. at 1098. Put another way, "'[i]t means such relevant evidence as a reasonable mind might assess as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for the ALJ's. *Tackett*, 180 F.3d at 1097–98; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). The ALJ's decision is conclusive if it is supported by substantial evidence, even if conflicting evidence supports a finding of either disability or non-disability. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987). But a decision supported by substantial evidence will still be set aside if it is based on legal error. *Brawner v. Sec'y of Health & Hum. Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987). In steps one through four the claimant bears the

ORDER - 2

burden of establishing disability. *Tackett*, 180 F.3d at 1098–99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193–94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, she will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On March 30, 2022, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 107–19.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 109.

At step two, the ALJ determined Plaintiff had the following severe impairments: "hepatitis C, nicotine dependence, schizoaffective disorder, depressive/bipolar disorder, anxiety disorder, posttraumatic stress disorder [PTSD], and a substance abuse disorder." *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 110–11.

The ALJ assessed Plaintiff's Residual Functional Capacity [RFC] and found she can "perform medium work . . . except that she is limited to only simple, routine tasks and only occasional, superficial interaction with supervisors, coworkers, and the public. In other words, she can have only short, simple interactions with supervisors, coworkers, and the public." Tr. 111.

At step four, the ALJ found Plaintiff has no past relevant work. Tr. 117.

At step five, the ALJ found, based on the vocational expert's testimony, and considering Plaintiff's age, education, work experience, and RFC, there were other jobs that

ORDER - 3

existed in significant numbers in the national economy that Plaintiff could perform. Tr. 118. The ALJ specifically identified the representative occupations of hand packager, cleaner, and machine packager. *Id.*

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date. Tr. 118–19.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether the decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly rejecting Plaintiff's symptom testimony, and (2) improperly assessing medical opinion evidence.

## DISCUSSION

**(1) Plaintiff's Symptom Testimony**

Plaintiff contends the ALJ erred by rejecting her symptom testimony without reasons that were specific, clear, and convincing. ECF No. 7 at 4–14.

It is the province of the ALJ to make determinations regarding a claimant's subjective complaints. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *see also Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Plaintiff testified that she cannot work due to her impairments. Tr. 53–60, 112. She said she sometimes hallucinates voices that tell her to hurt people. Tr. 59, 112. Plaintiff has

ORDER - 4

emotional outbursts. Tr. 59, 112. She has difficulty understanding things and managing her feelings. *Id.* Plaintiff testified that she does not spend time with others for long or go anywhere by herself. Tr. 53–55, 112. On bad days, Plaintiff has to reschedule plans. Tr. 59-60, 112. Although Plaintiff has a history of drug use, she testified that she experienced paranoia and personality changes even while she was incarcerated and not using drugs. Tr. 58, 112.

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, he found Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 112–14.

The ALJ determined that Plaintiff's claims were inconsistent with normal objective findings in the record: Plaintiff had good hygiene and was a good historian; she was open, cooperative, and friendly; she understood instructions, appeared attentive, spoke at a normal rate with normal inflections, and maintained a balanced reciprocal conversation; and she was noted to have overall logical, coherent, goal-directed, and future-oriented thoughts. Tr. 113–14. The ALJ also found Plaintiff's activities were inconsistent with her symptom claims: Plaintiff reported to providers that she is physically active, takes care of her own hygiene and normal household chores, shops, goes to appointments, and uses public transportation; she was able to manage her own finances, had a fiancée of three years, managed the house together with her fiancée, who is disabled, helped look after her mother, and socialized with neighbors. *Id.* Finally, the ALJ found that Plaintiff's medication makes her symptoms manageable. Tr. 114. These were permissible reasons for rejecting Plaintiff's testimony. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 416.920(a); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

Plaintiff argues the ALJ erred because the activities cited are not actually inconsistent with Plaintiff's symptom claims, ECF No. 7 at 5–9, because medication did not actually improve Plaintiff's symptoms to the extent the ALJ found, *id.* at 9–12, and because the

ORDER - 5

objective findings supported Plaintiff's claims, *id.* at 12–13. Plaintiff cites evidence in the record to support all three of her arguments. *See id.* at 5–13. However, based on the evidence, a reasonable person could agree with the ALJ's findings. Even if Plaintiff's interpretation is also reasonable, the Court must affirm the ALJ's conclusion because it is supported by substantial evidence. *See Morgan*, 169 F.3d at 599.

Notably, Plaintiff argues the ALJ erred in finding medication effective because Plaintiff continued to suffer significant symptoms even while she was incarcerated, despite being on medications and not using meth or marijuana while in prison. ECF No. 7 at 10–11. However, Plaintiff herself testified that she was not on her normal medication while incarcerated. Tr 58. She was given a different medicine and she stopped taking it. *Id.* Plaintiff also testified that her normal medication makes her symptoms manageable, *id.*, and said, "As long as I'm taking my meds I'm fine," Tr. 777. This is particularly significant because "[i]mpairments that can be controlled effectively with medication are not disabling." *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).

The Court will uphold the ALJ's reasoning because it is supported by specific, clear, and convincing reasons. *See Smolen*, 80 F.3d at 1281.

**(2) Medical Opinion Evidence**

Plaintiff alleges the ALJ erred by improperly evaluating the opinions of Thomas Genthe, Ph.D, Luci Carstens, Ph.D., and Michel Brown, Ph.D. ECF No. 7 at 15–21.

The ALJ considers the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 404.1520c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors, such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program. *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how she considered those factors in determining the persuasiveness of each medical opinion or prior

ORDER - 6

administrative medical finding. 20 C.F.R. § 404.1520c(b). The ALJ may explain how she considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

>Supportability and consistency are further explained in the regulations:
>
>(1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion[s] or prior administrative medical finding[s], the more persuasive the medical opinions or prior administrative medical finding[s] will be.
>
>(2) *Consistency.* The more consistent a medical opinion[s] or prior administrative medical finding[s] is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion[s] or prior administrative medical finding[s] will be.

20 C.F.R. § 404.1520c(c).

The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787, 792 (9th Cir. 2022). "Now, an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Id.* at 787.

### (a) Thomas Genthe, Ph.D.

Dr. Genthe evaluated Plaintiff in December 2020. Tr. 497–510. He opined, among other things, that Plaintiff had marked limitations in understanding, remembering, and persisting in tasks by following detailed instructions; performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances without special supervision; adapting to changes in a routine work setting; being aware of normal hazards and taking appropriate precautions; communicating

ORDER - 7

and performing effectively in a work setting; maintaining appropriate behavior in a work setting; completing a normal work day and work week without interruptions form psychologically based symptoms; and setting realistic goals and planning independently. Tr. 505.

The ALJ found Dr. Genthe's opinion unpersuasive because it was unsupported: Dr. Genthe stated his opinion "in checkbox form with no meaningful explanation for the ratings given," and the information in Dr. Genthe's report was inconsistent with his findings. Tr. 115. Dr. Genthe noted overall logical, coherent, goal-directed, and future-oriented thoughts, and unremarkable objective findings. *Id.* Plaintiff was open, cooperative, and friendly; she spoke normally and maintained a reciprocal conversational flow; she could maintain regular household chores, manage her own medications and appointments, use telephone and mail, and shop for herself; and Dr. Genthe believed vocational training or services would minimize Plaintiff's barriers to employment. *Id.*

The ALJ also found Dr. Genthe's opinion was inconsistent with the overall record showing the activities discussed above and, notably, Plaintiff's improvement with medication. *Id.*

Plaintiff argues the ALJ erred because Dr. Genthe's opinion was well supported by a thorough psychological exam and explanation. ECF No. 7 at 16. Similarly, Plaintiff argues Dr. Genthe's findings actually did support his opinion and that the noted activities were not inconsistent with Dr. Genthe's opinion. ECF No. 7 at 17–19. But the ALJ's reasoning must be upheld because it is rational, even if Plaintiff's alternative explanation is reasonable too. *Tackett*, 180 F.3d at 1097–98; *Morgan*, 169 F.3d at 599.

Plaintiff also argues Dr. Genthe's opinion was entitled to greater weight because Dr. Genthe is an examining source. ECF No. 7 at 19. However, under the current framework it is no longer appropriate for the ALJ to give specific evidentiary weight to examining sources. *See* 20 C.F.R. § 404.1520c(a). Instead, the ALJ is required to give weight to a number of factors, and specifically discuss consistency and supportability, 20 C.F.R. § 404.1520c(b), which, in this case, the ALJ did.

ORDER - 8

*(b) Luci Carstens, Ph.D.*

Dr. Carstens concurred in Dr. Genthe's opinion without additional support or explanation. Tr. 497–510. The ALJ rejected Dr. Carstens's opinion for the same reason he rejected Dr. Genthe's opinions. Tr. 115–6. Plaintiff argues this was error because it was error to reject Dr. Genthe's opinion. ECF No. 7 at 20. Because the ALJ did not err in rejecting Dr. Genthe's opinion, he likewise did not err in rejecting Dr. Carstens's opinion for the same reasons.

*(c) Michel Brown, Ph.D.*

State agency psychological consultant Michel Brown, Ph.D., found that Plaintiff had moderate limitations and retained the ability to understand, remember, and carry out only short and simple instructions, was able to interact with the public occasionally on a superficial basis, and could adapt to only routine, low-pressure work settings. Tr. 95–103, 117. Although the ALJ disagreed with Dr. Brown in some respects, he found her opinion to be generally persuasive because it was supported by a discussion of medical evidence and consistent with the record as a whole. Tr. 117. Plaintiff argues the ALJ erred by not clearly explaining what evidence supports Dr. Brown's conclusion. ECF No. 7 at 20–21. However, it is clear from the context and the record what explanation the ALJ is crediting. *See* Tr. 96-97.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error. The Court has reviewed the briefs and the file and is fully informed Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's Brief, filed June 7, 2023, **ECF No. 7**, is **DENIED.**

2. Defendant's Brief, filed July 7, 2023, **ECF No. 9**, is **GRANTED**.

The District Court Executive is directed to file this Order and provide copies to counsel. Judgment shall be entered for the Defendant and the file shall be **CLOSED**.

ORDER - 9

**DATED** this 13th day of November, 2023.

11-03-23

_____
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 10